JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Adrian Cummins, D.D.S.

**DEFENDANTS**
Alisa Kauffman, D.D.S and Trustees of the University of Pennsylvania

(b) County of Residence of First Listed Plaintiff   Philadelphia
   *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
   *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David F. McComb, Esquire, Zarwin, Baum, 1818 Market St., 13th Fl., Philadelphia, PA, 19103, 215-569-2800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII
Brief description of cause:
Race Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   08/10/2017
SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Adrian Cummins, D.D.S. | : | CIVIL ACTION |
| v. | : | |
| Alisa Kauffman, D.D.S. and Trustees of the University of Pennsylvania | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| August 10, 2017 | _[signature]_ | Plaintiff, Adrian Cummins, D.D.S. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-2800 | 215-569-1606 | dfmccomb@zarwin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Adrian Cummins, 2020 Walnut Street, Philadelphia, PA 19103

Address of Defendant: Alicia Kauffman and Trustees of the University of Pennsylvania, 3451 Walnut Street, Room 310, Philadelphia, Pennsylvania 19104

Place of Accident, Incident or Transaction: Philadelphia
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: August 10, 2017    _____    35754
                         Attorney-at-Law       Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: August 10, 2017    _____    35754
                         Attorney-at-Law       Attorney I.D.#

CIV. 609 (6/08)

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| ADRIAN CUMMINS, D.D.S <br><br> *Plaintiff* <br><br> v. <br><br> ALISA KAUFFMAN, D.D.S. and TRUSTEES OF THE UNIVERSITY OF PENNSYVANIA <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   TRUSTEES OF THE UNIVERSITY OF PENNSYVANIA
3451 Walnut Street, Room 310
Philadelphia, Pennsylvania 19104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David F. McComb, Esquire
Zarwin, Baum, DeVito, Kaplan, Scaher & Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
dfmccomb@zarwin.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| ADRIAN CUMMINS, D.D.S <br><br> *Plaintiff* <br><br> v. <br><br> ALISA KAUFFMAN, D.D.S. and TRUSTEES OF THE UNIVERSITY OF PENNSYVANIA <br><br> *Defendant* | ) ) ) ) ) Civil Action No. ) ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* ALISA KAUFFMAN, D.D.S.
3451 Walnut Street, Room 310
Philadelphia, Pennsylvania 19104

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David F. McComb, Esquire
Zarwin, Baum, DeVito, Kaplan, Scaher & Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
dfmccomb@zarwin.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____                                 _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIAN CUMMINS, D.D.S | : |
|       Plaintiff, | : |
| v. | CIVIL ACTION NO. |
| | : |
| ALISA KAUFFMAN, D.D.S. and | : |
| TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, | : |
| | : |
|       Defendants. | |

## COMPLAINT

1.    Plaintiff, Adrian Cummins, D.D.S, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C §1981 to remedy acts of employment discrimination perpetrated against him by his employer. Dr. Cummins contends that defendants discriminated against him by paying him less than his white colleagues because of his race (African-American), creating a hostile working environment for him, and forcing the constructive termination of his employment.

## JURISDICTION

2.    This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. Plaintiff exhausted his administrative remedies by timely filing a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued

a right to sue letter on July 21, 2017, and this action is timely filed within 90 days of issuance of the right to sue letter.

## VENUE

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Sec 1391(b)(2) as the action arose in this District, plaintiff resides in this District and a substantial part of the events giving rise to the action occurred in this District.

## PARTIES

4. Dr. Cummins, an African-American male, is a resident of the Commonwealth of Pennsylvania and resides at 2020 Walnut Street, Philadelphia, PA 19103. At all times relevant to his suit, until the constructive termination of his employment in June 2016, he was employed as a General Dentist in the Penn Dental Family Practice ("PDFP"), owned and operated by the Trustees of the University of Pennsylvania.

5. Defendant the Trustees of the University of Pennsylvania ("Penn") operate, control and set policies for a university of higher learning and provider of health and dental care services, including the PDFP, and are located at 3451 Walnut Street, Room 310 in Philadelphia, Pennsylvania. Penn is duly-organized and exists as a non-profit corporation under the laws of Pennsylvania.

6. Defendant Alisa Kauffman is currently the Clinical Director of the PDFP and, at all relevant times, was Dr. Cummins' supervisor.

## STATEMENT OF FACTS

7. In April 2015, Dr. Cummins was recruited to work for the University of Pennsylvania as a general dentist in the PDFP located in Philadelphia, PA. He was interviewed by Dr. Kauffman, Dean Denis Kinane of the Penn Dental School, and Dawn Simpson, the PDFP Director of Operations.

8. During the interview, Dr. Cummins was told that the PDFP was looking for a general practice dentist to work at the new office, located at 3737 Market Street, and build a practice there. They mentioned that his compensation would be 37% of collections, *i.e.* what he billed for services, however they would not directly answer what his base salary would be. They simply stated he would be given a "floor" for his first three months, then based on his collections during those three months his salary for the next quarter would be determined.

9. Dr. Kauffman emailed Dr. Cummins after the first interview in response to an email, letting him know that the next step in the interview process would be for him to meet with their Clinical Advisors, the Director of Human Resources, and the Dean.

10. At the end of May 2015, with his out-of-state dental residency ending June 30, 2015, Dr. Cummins communicated with Dr. Kauffman about the position, and she confirmed that Dr. Cummins had a job offer from Penn and his base salary would be $100,000.

11. However, on June 23, 2015, after Dr. Cummins had signed a lease on an apartment and committed to relocating to Philadelphia, he received an offer letter which stated that his base salary was $50,000. When Dr. Cummins called Dr. Kauffman about this, she said that all Penn Dental contracts say $50,000 because that's the University's

standard entry salary for new hires, however that would have no bearing on what she discussed and not to mention after three months he would be paid in accordance with his collections numbers.

12. Dr. Cummins was also concerned that while he had agreed and was told he would work at the new 3737 Market Street location of PDFP and had based his decision on where to live to be in close proximity to work, his offer letter said that he would be working at the Locust Walk location, which is located at the Penn Dental school.

13. When Dr. Cummins returned to Penn, on June 23, 2015, to obtain his credentials, Dawn Simpson, the PDFP Operations Director told him that he was to be placed at Penn's Bryn Mawr, PA location. As Dr. Cummins now effectively had moved to Philadelphia, he had no choice but to comply.

14. With regard to his compensation, Dr. Cummins started his employment at PDFP on July 1, 2015 and, at the end of September, received a pay summary for the coming quarter that was close to $3000/month below what his production and collection numbers indicated. In addition, Dr. Cummins noted that he had been receiving monthly compensation in accordance with the $50,000 annual salary (which he was told was only a formality), and *not* the $100,000 salary Dr. Kauffman had told him that all new dentists at Penn Dental Family Practice receive.

15. Dr. Cummins was also concerned by other aspects of Dr. Kauffman's behavior. For example, during his second interview, she gave him a tour of the dental school and Dr. Cummins mentioned that his mother had gone to dental school with Dr. Beverly Crawford, who also worked at PDFP and is one of the only black dentists there. Dr. Kauffman said she doesn't understand why she and Dr. Crawford didn't get along,

but that Dr. Crawford was the Head of Diversity for the PDFP and "wishes that everything didn't have to be about race with her all the time."

16. In July 2015, after his employment had started, Dr. Kauffman told Dr. Cummins that he should take advantage of being able to take classes at the University as "a good way to meet women." In August 2015, Dr. Kauffman invited Dr. Cummins for a drink at the Hotel Palomar (where she frequently stayed) to discuss how things were going, and said Dr. Cummins "would do really well dating in Philadelphia as a single, black dentist." In the same conversation, Dr. Kauffman told Dr. Cummins he should consider dating around "as a means to build up his patient base." Dr. Kauffman also made sexually inappropriate statements such as suggesting Dr. Cummins request drcum@dental.upenn.edu as his University issued email address as a way to be memorable.

17. In November 2015, Dr. Kauffman told Dr. Cummins that he would be better off working at the Locust Walk location at 40th Street in Philadelphia rather than the Bryn Mawr location because "no one in Bryn Mawr wants to see a big black dentist."

18. In April 2016, Dr. Kauffman suggested that Dr. Cummins keep an eye out with his patients for potential romantic interests. In addition, on one occasion, Dr. Kauffman asked Dr. Cummins why he wouldn't wear scrubs, and he told her he always preferred to wear a shirt and tie. She responded that it's probably a good idea since "no one would think you really are a dentist if you wore scrubs."

19. Thereafter, there were several occasions where as Clinical Director and the person approving treatment plans and insurance reimbursement, Dr. Kauffman wanted Dr. Cummins to provide more treatment than was clinically warranted and not to

the benefit of the patient, although it would generate more revenue. Dr. Cummins voiced his concerns and cited clinical data and research to support his position. Shortly after this, after about nine months of work with no patient complaints, no failed treatments and no treatment that needed to be redone, Dr. Cummins was suddenly told by Dr. Kauffman that his work was "not up to Penn's standards."

20. During a subsequent meeting with Dr. Cummins, Dr. Kauffman and Dawn Simpson where Ms. Simpson commended Dr. Cummins for being willing to have his schedule and location changed suddenly without complaining, Dr. Kauffman stated "well you remember what happened to the last person here who complained" – a statement directly related to a former colleague of Dr. Cummins and employee of PDFP who complained about treatment not clinically warranted and was fired.

21. Dr. Kauffman then had other doctors in the office and one of the technicians at the dental lab secretly report to her about his work, without his knowledge, and then insisted that Dr. Cummins "remediate," meaning that even though he was a licensed practitioner, she wanted him to receive additional training from the Dental School. In one instance, she attempted to make Dr. Cummins remediate with the second year pre-doctoral faculty at Penn.

22. These were all an attempt to embarrass, demean and belittle Dr. Cummins, and they had no correlation to either his clinical skills or patient care. In fact, prior to this occurring, Dr. Cummins had been appointed by Dean Kinane, the Dean of the Penn Dental School, as the Clinical Advisor for the Locust Walk practice, an indication that he was well-regarded by the Dean, and someone expected to develop and take a leadership role at PDFP.

23. Despite the recognition by the Dean of his superior clinical skills, Dr. Kaufman nevertheless told Dr. Cummins (in front of others at the Practice) that he could no longer perform crown and bridge procedures (essentially the most common and lucrative procedures a general dentist at PDFP did), because he did not reply to her email suggesting he take a class with second year dental students.

24. Dr. Kauffman went so far as to manipulate patient records and radiographs in an attempt to disparage work completed by Dr. Cummins and fabricate just cause to forbid him from performing his most lucrative procedures.

25. Without the ability to do crowns and bridges, Dr. Cummins' income fell off dramatically, and he was humiliated in front of his peers and colleagues.

26. Dr. Cummins is unaware of any other PDFP dentist ever being instructed to receive "remediation" training. He was a skilled and experienced dentist, had served as a Chief Dental Resident when he was personally recruited to come to Penn, and appointed Clinical Advisor to the Practice, putting him in a role to consult on clinical and operational issues at PDFP.

27. At the same time, Dr. Cummins learned that all of the other recently-hired dentists, who were white, had been started at a salary of $100,000. For example, Dr. Steven Pesis is a white male whose background and experience was identical to Dr. Cummins, and received a $100,000 starting salary.

28. Dr. Cummins also was disturbed that Penn had promised him he would be operating out of two operatories, which are the areas in which dental procedures are performed. However, defendants scheduled him to work from only one operatory, saying

there was lack of available rooms although there were several unused rooms both at the Bryn Mawr office and at the dental school.

29. When Dr. Cummins raised this issue, defendants then claimed that the issue was a lack of Dental Assistants, which was also untrue. Defendants also blamed a lack of patients.

30. Other white dentists, such as Dr. Pesis and Dr. Jack Tsai, immediately got a second room, and the dentist hired by defendants at the Bryn Mawr location after Dr. Cummins left was immediately booked for two rooms. In fact, it appears that Dr. Cummins was the only full-time general dentist in PDFP's three locations who was not given two rooms, except for one dentist in Bryn Mawr who did not want two rooms.

31. In June 2016, after learning that he had been hired at a starting salary of 50% less than his white peers, subjected to repeated demeaning and inappropriate comments about his race, given fewer operatories to work in than his white colleagues, and told by Dr. Kauffman that he could do nothing other than teeth cleanings and fillings without going back to Dental School, Dr. Cummins decided that the combination of circumstances at Penn made it impossible for him to remain at Penn so long as Dr. Kauffman was there.

32. Dr. Kauffman controlled his production, attempted to dictate his treatment, and would manage any potential patient complaints or untoward outcomes of said treatment however she deemed fit. Her behavior was not only detrimental to Dr. Cummins' wellbeing, but was potentially damaging to his license, reputation, and ability to practice the profession he continually strives to excel in.

33. Dr. Cummins resigned, feeling he had been constructively discharged.

## COUNT I
(Racial Discrimination in Violation of Title VII) (Penn)

34. The foregoing paragraphs are re-alleged and incorporated by reference herein.

35. The Defendants' conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

## COUNT II
(Hostile and Abusive Working Environment in Violation of Title VII and Constructive Discharge) (Penn)

36. The foregoing paragraphs are re-alleged and incorporated by reference herein

37. Defendants' conduct as alleged above constituted such a hostile and abusive working environment in violation of Title VII that it constituted a constructive discharge of Dr. Cummins' employment.

## COUNT III
(42 U.S.C. § 1981 Race Discrimination in the Making and Enforcement of Contracts) (Penn and Dr. Kauffman)

38. The foregoing paragraphs are re-alleged and incorporated by reference herein.

39. The Defendants' conduct as alleged at length herein constitutes discrimination in the making of a contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court award him:

(a) the sum of $300,000.00 in compensatory damages suffered because of the discrimination and retaliation;

(b) punitive damages;

(c)     back and front pay;

(d)     costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and

(e)     other damages and further relief as deemed just.

## JURY DEMAND

Plaintiff requests trial by jury.

Respectfully submitted,

*/s/ David F. McComb*
DAVID F. MCCOMB
dfmccomb@zarwin.com
Pa Attorney.Id. No. 35754
ZACHARY A. SILVERSTEIN
zsilverstein@zarwin.com
Pa Attorney Id. No. 316491
Zarwin Baum DeVito Kaplan Schaer &
Toddy, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
215.569.2800
Fax 267.765.9678

Attorneys for Plaintiff

DATED: August 9, 2017