## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Adrian Cummins,** | |
| **Plaintiff,** | |
| **v.** | **Civ. A. No. 2:17-cv-03602-JHS** |
| **Trustees of the University of Pennsylvania and Alisa Kauffman,** | |
| **Defendants.** | **ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## <u>THEIR MOTIONS IN LIMINE</u>

-

# TABLE OF CONTENT

**Page(s)**

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT .................................................................................................................. 1

    A.      Plaintiff Should Be Precluded From Introducing Testimony Regarding A
            Rumored Affair .................................................................................................. 1

    B.      Plaintiff Should Be Precluded From Testifying About Or Otherwise
            Relying On Alleged Inappropriate Comments That Are Unrelated To
            Race. ................................................................................................................... 7

    C.      Plaintiff Should Be Precluded From Relying On Allegations Or Claims Of
            Discrimination, Harassment, Or Retaliation Made By Other Penn
            Employees. ....................................................................................................... 10

    D.      Plaintiff Should Be Precluded From Relying Upon The Speculation Of Joe
            Apap In T&C000013-15. ................................................................................. 15

    E.      Plaintiff Should Be Precluded From Offering Testimony From Megan
            McHugh Regarding Her Opinion of Dr. Kauffman. ......................................... 17

III.    CONCLUSION ............................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Bateman v. Therapeutic Innovations, Inc.,
    No. 7:05-cv-40060, 2007 WL 460828 (W.D. Va. Feb. 8, 2007)................................................5

Brooks v. CBS Radio, Inc.,
    Civ. A. No. 07-0519, 2007 WL 4454312 (E.D. Pa. Dec. 17, 2007)..........................................8

Curtis v. Oklahoma City Pub. Sch. Board,
    147 F.3d 1200 (10th Cir. 1998) ...........................................................................................12

Eatman v. United Parcel Serv.,
    194 F. Supp. 2d 256 (S.D.N.Y. 2002)..................................................................................8

Elston v. UPMC-Presbyterian Shadyside,
    No. 06-329, 2008 WL 682494 (W.D. Pa. Mar. 7, 2008) ......................................................12

Haskell v. Kaman Corp.,
    743 F. 2d 113 (2d Cir. 1984)...........................................................................................8, 14

Houser v. Folino,
    No. 2:10-cv-00416, 2015 WL 7291787 (E.D. Pa. Nov. 16, 2015)....................................13, 14

Keiser v. Borough of Carlisle,
    No. 1:15-CV-450, 2017 WL 4075057 (M.D. Pa. Sept. 14, 2017).........................................5, 6

Lawton v. Sunoco, Inc.,
    Civ. A. No. 01-2784, 2002 WL 1585582 (E.D. Pa. July 17, 2002).........................................9

Lewis v. City of Chicago,
    563 F. Supp. 2d 905 (N.D. Ill. 2008) ...................................................................................12

Lewis v. City of Chicago Police Dep't,
    590 F.3d 427 (7th Cir. 2009) ..............................................................................................12

Malik v. Quest Diagnostics, Inc.,
    No. 05CV0085, 2006 WL 6152051 (W.D. Pa. Jan. 24, 2006) ...................................................9

Moorehouse v. Boeing Co.,
    501 F. Supp. 390 (E.D. Pa. 1980), aff'd mem. 639 F. 2d 774 (3d Cir. 1980) .........................14

Norris v. NY City Hous. Auth.,
    No. 02 Civ. 6933, 2004 WL 1087600 (S.D.N.Y. May 14, 2004)...............................................8

## <u>TABLE OF AUTHORITIES</u>

**Page**

Nwegbo v. Borough,
    No. 12-5063, 2013 WL 3463504 (E.D. Pa. July 10, 2013) ................................................12, 15

Pineda v. Phila. Media Holdings LLC,
    Civ. A. No. 07-989, 2008 WL 536639 (E.D. Pa. Feb. 26, 2008) ...............................................9

QVC, Inc. v. MJC Am., Ltd.,
    No. 08-3830, 2012 WL 33026 (E.D. Pa. Jan. 6, 2012)...........................................................15

Ramos-Melendez v. Valdejully,
    960 F. 2d 4 (1st Cir. 1992)......................................................................................................14

Stahl v. Sun Microsystems, Inc.,
    19 F.3d 533 (10th Cir. 1994) ....................................................................................................4

Stephens v. Rheem Mfg. Co.,
    220 F.3d 882 (8th Cir. 2000) ....................................................................................................4

United States v. Morley,
    199 F.3d 129 (3d Cir. 1999)......................................................................................................4

Waters v. Genesis Health Ventures, Inc.,
    400 F. Supp. 2d 808 (E.D. Pa. 2005) ....................................................................................8, 9

Williams v. City of Kansas City, Mo.,
    223 F.3d 749 (8th Cir. 2000) ....................................................................................................4

Wyvill v. United Cos. Life Ins. Co.,
    212 F.3d 296 (5th Cir. 2000) ..................................................................................................14

**OTHER AUTHORITIES**

Fed. R. Evid. 401 .................................................................................................................*Passim*

Fed. R. Evid. 402 ............................................................................................................................2

Fed. R. Evid. 403 .................................................................................................................*Passim*

Fed. R. Evid. 404 .................................................................................................................*Passim*

Fed. R. Evid. 602 ...............................................................................................................2, 6, 17

Fed. R. Evid. 701 ..........................................................................................................................18

Fed. R. Evid. 801 ................................................................................................................5, 16, 16

# <u>TABLE OF AUTHORITIES</u>

**Page**

Fed. R. Evid. 802 ......................................................................................................................2

I.      **INTRODUCTION**

Defendants Trustees of the University of Pennsylvania ("Penn") and Dr. Alisa Kauffman (collectively, "Defendants") respectfully request that this Court issue an order in advance of trial precluding Plaintiff Adrian Cummins ("Plaintiff") from offering or referring to at trial the following categories of evidence: (1) testimony regarding a rumored affair between Dr. Alisa Kaufman and the former Dean of Penn's School of Dental Medicine, Denis Kinane; (2) testimony regarding alleged inappropriate comments by Dr. Kauffman that are unrelated to race; (3) testimony regarding allegations and/or claims of discrimination or retaliation by other, current or former, Penn employees; (4) speculation by Joe Apap in T&C000015; and (5) testimony from Megan McHugh regarding her opinion of Dr. Kauffman's truthfulness.  The Federal Rules of Evidence preclude Plaintiff from offering these categories of evidence. Because counsel for Plaintiff is likely to raise these topics during opening statement (and when examining witnesses), Defendants respectfully request that the Court rule on their evidentiary challenges in advance of trial.[1]

II.     **ARGUMENT**

    A.      **Plaintiff Should Be Precluded From Introducing Testimony Regarding A Rumored Affair.**

Throughout discovery, Plaintiff questioned witnesses about whether they were aware of an alleged affair (or, more specifically, heard rumors of an alleged affair) between Dr. Alisa Kauffman and the former Dean of Penn's School of Dental Medicine, Denis Kinane.  See Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 29-1) ("Pl.'s Opp.") at 23 n.10 (arguing that "it was widely rumored at the PDFP that Dr. Kauffman and Dean Denis Kinane were having an extramarital affair" and citing to an eleventh-hour affidavit

---

[1]      These motions in limine are in addition to Defendants' Motion to Exclude Plaintiff's damages expert, Dr. Richard Steel, which is currently pending before the Court.  See Dkt. No. 20.

submitted by Plaintiff alleging that "it was widely understood by me and others at PDFP that Dr. Kauffman was having an extramarital affair with Dean Denis Kinane", deposition testimony from Sheryl Tailor Bailey that she "heard a rumor to the effect that [Dr. Kauffman] was having an affair with Dean Kinane," and deposition testimony from Beverley Crawford that she "heard that rumor").  The Court should preclude Plaintiff from introducing testimony or other evidence regarding this rumored affair because such evidence is: (1) irrelevant under Rule 401, (2) unduly prejudicial under Rule 403, (3) improper character evidence under Rule 404, (4) inadmissible hearsay under Rule 802, and (5) cannot be introduced through witnesses that lack personal knowledge under Rule 602.

*First*, any testimony or other evidence of this rumored affair should be precluded because it is irrelevant.  <u>See</u> Fed. R. Evid. 401.  The Federal Rules of Evidence preclude admission of all evidence that is not relevant to facts to be proved at trial.  <u>See</u> Fed. R. Evid. 401-402.  Evidence is not relevant if it does not tend to "make the existence of any fact <u>that is of consequence</u> to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (emphasis added).  Whether Dr. Kauffman and former Dean Kinane had an affair has no bearing on Plaintiff's race discrimination claims.  It is undisputed that Dean Kinane did not make the decision to hire Plaintiff, did not set his compensation, was not involved in scheduling his patients, and was not involved in the decision to require he remediate.  Additionally, Plaintiff does not allege that former Dean Kinane discriminated against him or treated him unfairly.  While Plaintiff will argue that this rumored affair is relevant because it explains why he did not complain about his alleged unfair treatment during his time at Penn[2], such an argument ignores the well-established fact that Plaintiff had a number of different

---

[2]      Plaintiff made this argument in his Opposition to Defendants' Motion for Summary Judgment attempting to create justification, where none exists, for his failure to raise any concerns of unfair treatment to

2

avenues to complain (human resources, anonymous hotline, Dawn Simpson, and Peter Kauderwood), none of which involve Dean Kinane.  And this rumored affair's irrelevance is only supported by the fact that during his deposition, when asked about any complaints he made about the alleged unfair treatment, not once did he comment that he was unable to raise concerns because of this alleged affair.  <u>See</u> Defendants' Reply in Support of Motion for Summary Judgment (Dkt. No. 33) at 8 n.3.[3]  Indeed, Plaintiff did not mention this rumored affair at all. <u>See id.</u>  Finally, it is worth noting that despite asking more than one witness about this rumored affair, Plaintiff has no evidence proving that it occurred.  Rather, the most Plaintiff could muster is that certain witnesses have heard the rumors.  <u>See</u> Pl. Opp. 23 n. 10.  Because there is nothing in the record demonstrating that Dr. Kauffman and former Dean Kinane had an affair <u>and</u> that affair has any relationship to the alleged unfair treatment Plaintiff claims to have experienced, evidence of this alleged affair is completely irrelevant and should be precluded at trial.

*Second*, allowing such evidence would be unduly prejudicial, confuse the issues, and mislead the jury, so it should be precluded at trial for this reason as well.  Under Rule 403, the Court is authorized to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Given the lack of relevance of this alleged affair, its probative value is substantially outweighed by the danger of unfair prejudice, i.e., that the jury may formulate

---

management during his employment.  <u>See</u> Pl.'s Opp. at 23 ("While defendants contend repeatedly in their Motion that Dr. Cummins never complained about his mistreatment by Dr. Kauffman (see Defendants' Brief at 3) Dr. Kauffman's threat was unmistakably clear and left Dr. Cummins no recourse, particularly since it was widely rumored at the PDFP that Dr. Kauffman and Dean Denis Kinane were having an extramarital affair and that recourse to Dean Kinane, Dr. Kauffman's and Peter Kauderwood's supervisor, to complain about Dr. Kauffman, simply was not an option.").

[3]    To the contrary, Plaintiff argues that he discussed some of his alleged unfair treatment with Dr. Beverley Crawford and Megan McHugh, further belying any argument that this rumored affair caused him not to speak up.  <u>See</u> Pl. Opp. at 18, 21-22.

opinions about Dr. Kauffman as a person that distract them from the real issues in the case.  See, e.g., Stephens v. Rheem Mfg. Co., 220 F.3d 882, 885 (8th Cir. 2000) (holding that evidence of rumors of consensual sexual behavior and affairs among an employer's employees, including management employees, was more prejudicial than probative in sexual harassment case); Williams v. City of Kansas City, Mo., 223 F.3d 749, 755-56 (8th Cir. 2000) (evidence of supervisor's prior consensual relationships with customers and subordinates was improperly admitted given its minimal relevance and inflammatory nature); Stahl v. Sun Microsystems, Inc., 19 F.3d 533, 539 (10th Cir. 1994) (district court did not abuse discretion in refusing to admit evidence that supervisor had  sexual relationship with administrative assistant, where probative value of such evidence was slight and potential for unfair prejudice was obvious).  Further, any probative value is substantially outweighed by a danger of confusing the issues and misleading the jury, as repeated testimony about this rumored affair will create a sideshow at trial.

*Third*, the Court should preclude Plaintiff from offering such evidence for the additional reason that it is improper "prior bad acts" evidence under Rule 404.  Given that Plaintiff does not allege that this rumored affair impacted his employment or caused him unfair treatment, it is clear that his only intention in introducing testimony regarding this rumored affair is to suggest to the jury that Dr. Kauffman is a bad person who cheats on her spouse and, therefore, must also treat people unfairly because of their race.   But where, as here, the "other acts" are unrelated to the pending claim, are remote in time, and involve dissimilar circumstances, evidence of those acts must be excluded, not only under Rules 401 to 403, but also under Rule 404, since the only relevance of such evidence would be to show the defendant's "bad character" or proclivity to engage in distasteful conduct (such as unlawful discrimination).  See, e.g., United States v. Morley, 199 F.3d 129, 134-35 (3d Cir. 1999) (use of prior acts as evidence to show that "he's the

kind of guy who had done it before, he's the kind of guy who will do it again," is prohibited under Rule 404(b)); Bateman v. Therapeutic Innovations, Inc., No. 7:05-cv-40060, 2007 WL 460828, *2 (W.D. Va. Feb. 8, 2007) (deeming evidence of other consensual sexual relationships to have a "quite low" probative value as to plaintiff's hostile work environment theory, with a substantial danger of prejudice, such that the evidence was inadmissible under Rule 404(b)).

*Fourth*, testimony regarding this rumored affair constitutes inadmissible hearsay. Hearsay is a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. See Fed. R. Evid. 801(c); Keiser v. Borough of Carlisle, No. 1:15-CV-450, 2017 WL 4075057, at *1 (M.D. Pa. Sept. 14, 2017) ("Even if the witnesses had heard the rumors from the Borough officials, which is certainly disputed, we would still be constrained to find that the testimony constitutes inadmissible hearsay because, at bottom, the alleged statement is still no more than a rumor or something heard from a non-testifying declarant."). As Defendants explained above, there is no record evidence proving the existence of this rumored affair. Rather, the only "evidence" Plaintiff can put forth is testimony from Plaintiff and others that they heard the rumor that Dr. Kauffman and former Dean Kinane had an affair. See Pl. Opp. at 23 n. 10. But "[r]umor testimony that is not tied to a specific declarant, but is instead an alleged statement that circulated among employees as a kind of workplace gossip, should not be admitted." Keiser, 2017 WL 4075057, at *6 (citing Carden v. Westinghouse Elec. Corp., 850 F.2d 996, 1002-1003 (3d Cir. 1988) (district court erred by admitting a witness's statement that a company "wanted a younger person" where the statement constituted double hearsay of a rumor that "fail[ed] the conjoined requirements of Rules 801(d)(2)(D) and 805.")). Accordingly,

Plaintiff should be precluded from referring to this rumored affair and all witnesses should be precluded from testifying about it.[4]

*Fifth*, none of the witnesses, other than Dr. Kauffman, have personal knowledge as to whether this alleged affair took place.  Under Rule 602, a fact witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.  "Knowledge as required by Rule 602 includes 'awareness of objects or events,' comprised of (1) sensory perception; (2) comprehension about what was perceived; (3) present recollection; and (4) the ability to testify about what was perceived."  Keiser, 2017 WL 4075057 at *5 (internal citations omitted).  None of the witnesses Plaintiff asked about this rumored affair testified that they have personal knowledge of it.  Rather, at most, they testified to hearing the rumor.  See Pl. Opp. at 23 n. 10.  This is insufficient.  See Keiser, 2017 WL 4075057 at *5 ("With respect to the foregoing testimony offered by witnesses who claim to have been aware of a rumor or third-party statement, these discrete areas of the witnesses' testimony is not based upon personal knowledge, and the witnesses have acknowledged as much. At most these witnesses are claiming to have personal knowledge of a rumor, but about nothing more. Because the witnesses lack personal knowledge regarding this particular rumor testimony, we agree with the Borough that it is problematic and presumptively

---

[4]     Defendants anticipate that Plaintiff will argue that he is not introducing testimony regarding this rumored affair to prove the truth of the matter asserted but, instead, to prove the perception or effect it had on Penn employees.  But such an argument is unpersuasive.  See Keiser, 2017 WL 4075057, at *7 ("The plaintiff argues that the proposed testimony should not be excluded because the testimony is not being offered to prove the truth of the matter asserted—Candland's alleged preference for younger workers and his bias against older employees—but would be used to show the effect that these alleged rumors had upon the witnesses themselves, which the plaintiff suggests should be allowed in order to buttress other direct evidence showing bias.  We disagree that the plaintiff is proposing to offer the testimony for any reason other than to demonstrate the truth of the matter being asserted, and do not find that any alleged effect upon the hearer of the rumor causes testimony about that rumor to be admissible, and the plaintiff has offered no persuasive legal support for that assertion. The Court also cannot perceive the relevance of any alleged effect that this information may have had upon non-party witnesses.").

inadmissible.").  And, the only witness that would have personal knowledge, Dr. Kauffman, has

repeatedly denied the rumored affair.

B. **Plaintiff Should Be Precluded From Testifying About Or Otherwise Relying On Alleged Inappropriate Comments That Are Unrelated To Race.**

In Opposition to Defendants' pending Motion for Summary Judgment, Plaintiff relied

upon a number of alleged inappropriate comments by Dr. Kauffman that have nothing to do with

race in an attempt attack Dr. Kauffman's character because he lacks the evidence necessary to

establish his race discrimination claims.  See Pl.'s Opp. at 7.  These alleged comments include:

- In July 2015, Dr. Kauffman told [Dr. Cummins] that he should take advantage of being able to take classes at the University as "a good way to meet women." (Pl.'s Opp. at 7)
- In the same conversation, Dean Kinane joined them for dinner and Dr. Kauffman repeatedly commented on their height, hand and shoe size.  (Pl.'s Opp. at 7)
- Dr. Kauffman said he should consider dating around to build up his patient base.  (Pl.'s Opp. at 7)
- On a regular basis, she asked him about [his] relationship status and if he'd "found anyone yet."  (Pl.'s Opp. at 7)
- She also suggested that his email address should be the pornographic "drcums" and that would be "memorable."  (Pl.'s Opp. at 7)
- In April 2016, Dr. Kauffman suggested that Dr. Cummins keep an eye out with [his] patients for potential romantic interests.  (Pl.'s Opp. at 7)
- Dr. Kauffman told [PDFP staff] when he was hired that "she had a treat for them and was bringing them some eye candy."  (Pl.'s Opp. at 17)

The Court should preclude Plaintiff from referring to or introducing testimony or other evidence

regarding these alleged comments (or similar iterations of them because they have changed

throughout the course of this litigation) because such evidence is: (1) irrelevant under Rule 401,

(2) unduly prejudicial under Rule 403, and (3) improper character evidence under Rule 404.

*First*, these comments are utterly irrelevant because they are not related to race.  See Fed.

R. Evid. 401.  Plaintiff does not and cannot cite to any evidence in the record that provides a

foundation for the alleged inappropriate comments from Dr. Kauffman.  Indeed, nothing in the

record suggests that these alleged comments were discriminatory against Plaintiff or black

individuals or even discriminatory in general.  And, "pursuant to Federal Rules of Evidence 401 and 403, plaintiff may not use evidence of one type of discrimination to prove discrimination of another type." Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 813-14 (E.D. Pa. 2005) (concluding that evidence of sex discrimination could not be used to support finding of age or disability discrimination (quoting Simonetti v. Runyon, No. Civ. A. 98–2128, 2000 WL 1133066, at *6 (D.N.J. Aug. 7, 2000) (citing Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 357–60 (5th Cir. 1995) (comments pertaining to race, sex, and origin have no tendency to prove disability discrimination and were therefore rightly excluded pursuant to Federal Rules of Evidence 401 and 403); and Rauh v. Coyne, 744 F. Supp. 1181, 1183 (D.D.C. 1990) (plaintiff alleging gender discrimination may not introduce evidence of racial discrimination because it is not relevant under Rule 401 and would result in unfair prejudice outweighing any probative value))); Brooks v. CBS Radio, Inc., Civ. A. No. 07-0519, 2007 WL 4454312, at *12 (E.D. Pa. Dec. 17, 2007) (concluding that evidence of sex discrimination could not support finding of race discrimination "given the lack of correlation between the two kinds of discrimination"); Haskell v. Kaman Corp., 743 F. 2d 113, 122 (2d Cir. 1984) (finding comments referring to two older male employees as "old ladies," concurrence with magazine article to effect that there was relationship between aging and tiny strokes, and reference to some younger employees in company as "young turks" were not relevant to question of whether plaintiff was terminated due to age and likely prejudiced jury).  Further, any argument by Plaintiff that they are relevant because they relate to his appearance is a non-starter.[5]

---

[5] See, e.g., Defendants' Motion for Summary Judgment (Dkt. No. 22-2) at 49-50; Norris v. NY City Hous. Auth., No. 02 Civ. 6933, 2004 WL 1087600, at *15 (S.D.N.Y. May 14, 2004) (granting summary judgment on race discrimination claim where the plaintiff cited only a single incident involving disparaging comments about her "Afrocentricity, manner of dress, hairstyles and reading materials"); Eatman v. United Parcel Serv., 194 F. Supp. 2d 256, 262, 265 (S.D.N.Y. 2002) (granting summary judgment on race discrimination and harassment claims where plaintiff was subjected to disparaging comments about his dreadlocks, including "what's that shit on your head", and required to wear hat in accordance with appearance guidelines because court found that "these comments and abuse,

*Second*, allowing such evidence would be unduly prejudicial, confuse the issues, and mislead the jury, so it should be precluded at trial. Allowing Plaintiff to introduce testimony regarding these alleged, irrelevant comments would significantly prejudice Defendants because it creates a real danger of the jury formulating opinions or judgments about Dr. Kauffman for reasons that are unrelated to Plaintiff's claims. In fact, the only reason Plaintiff intends to introduce these alleged, irrelevant comments is to create a false impression of her character. Accordingly, these alleged comments should be precluded as prejudicial under Rule 403. See, e.g., Waters v. Genesis Health Ventures, Inc., 400 F. Supp. 2d 808, 813-14 (E.D. Pa. 2005) (concluding prejudicial effect of evidence of sexual harassment in race discrimination case clearly outweighs any probative value); Malik v. Quest Diagnostics, Inc., No. 05CV0085, 2006 WL 6152051, at *3 (W.D. Pa. Jan. 24, 2006) (granting defendants' motions in limine to exclude testimony of off-color remarks made by a defendant, including political and racial comments, because the evidence had "great potential prejudice" which "far outweighs any meager probative value" or "weak inference" that the defendant did not like Pakistanis, under Rule 403).

*Third*, the Court should preclude Plaintiff from offering such evidence for the additional reason that it is improper bad acts evidence under Rule 404. Plaintiff has already indicated that he intends to use this purported evidence as such, alleging that Dr. Kauffman made a number of inappropriate comments to create the false impression that she has a "propensity" for making inappropriate or unlawful comments. See Pl.'s Opp. at 7, 17-18. This is improper. See Section II(A) at 4-5, supra.

---

while hurtful, sophomoric and insulting, are not racist in nature and do not support a reasonable inference of racial discrimination"); see also Pineda v. Phila. Media Holdings LLC, Civ. A. No. 07-989, 2008 WL 536639, at * 8 (E.D. Pa. Feb. 26, 2008) (concluding that a comment that the plaintiff had to represent "his people" was not race-based); Lawton v. Sunoco, Inc., Civ. A. No. 01-2784, 2002 WL 1585582, at *8 (E.D. Pa. July 17, 2002) (granting summary judgment to the employer and concluding that references to "you people" and "thief" were not race-based).

C.     **Plaintiff Should Be Precluded From Relying On Allegations Or Claims Of Discrimination, Harassment, Or Retaliation Made By Other Penn Employees.**

Throughout the course of this litigation, Plaintiff has sought to rely on other employees' allegations of discrimination or retaliation in an attempt to bolster the lack of evidence supporting his own.   For instance, in his Opposition to Defendants' pending Motion for Summary Judgment, Plaintiff highlighted allegations that were made by a former dentist, Dr. Steven Pesis, who was represented by Plaintiff's attorney Mr. McComb in a separate lawsuit in which he claimed that he was terminated by Penn for complaining about another dentist over-treating patients.   See Pl. Opp. at 18 ("Dr. Kauffman said to Dr. Cummins 'you know what happened to the last person who complained' which he perceived as a threat and a reference to the firing of Dr. Steven Pesis, who was fired by Penn within 48 hours of his complaining about Dr. Kauffman approving another provider's overtreatment of patients.").   Plaintiff's Pretrial Memorandum further demonstrates that he intends to introduce testimony regarding the allegations made by Dr. Pesis in his prior lawsuit, stating:

> numerous Penn dentists and professional staff complained about Dr. Tsai's clinical performance immediately after he started and believe that he, with the tacit approval of Dr. Kauffman, was fraudulently overtreating patients and unnecessarily putting crowns on teeth that were free of any decay.   After receiving these complaints, Penn did not require Dr. Tsai to do any remediation despite widespread concerns about his treatments.   Dr. Tsai's conduct was the subject to a whistleblower lawsuit brought by a Penn dentist, Dr. Pesis, who was fired after he complained about Dr. Tsai and Penn took no action to address the issue.

Pl.'s Pretrial Memorandum (Dkt. No. 41) at 4.   The Federal Rules of Evidence mandate the exclusion of such evidence because mere allegations by other individuals of discrimination or retaliation have no place in this lawsuit, would result in a series of mini-trials on these third party complaints, and would cause unfair prejudice, confuse the issues, and mislead the jury.

10

*First*, other employees' claims of discrimination or retaliation, including the allegations underlying those claims, are not admissible because they are not relevant. See Fed. R. Evid. 401. As an initial matter, the allegations made by Dr. Pesis are completely unrelated to the allegations made by Plaintiff. Dr. Pesis, who worked in a completely different office of the PDFP and rarely interacted with Plaintiff, *alleged* he was terminated for complaining about treatment provided by another dentist, while Plaintiff claims he was discriminated against and constructively discharged because of his race *after* Dr. Pesis no longer worked at the PDFP. Additionally, Dr. Pesis's lawsuit was resolved through settlement without any finding of liability. See Pl. Opp. at 18 n.8 (admitting Dr. Pesis's lawsuit was resolved). Further, there is no evidence in the record in Plaintiff's case that bears any relation to Dr. Pesis's allegations. Indeed, Plaintiff cannot possibly establish on the record evidence in this case that Dr. Pesis's lawsuit was in any way related to Plaintiff or his resignation. Therefore, any testimony regarding the claims brought by Dr. Pesis (including his allegations regarding Dr. Tsai's quality of care) would be nothing more than repetition of irrelevant and unsubstantiated allegations.[6]

If the Court allows Plaintiff to introduce testimony or documents regarding other employees' mere allegations of discrimination or retaliation, then a series of mini-trials will be necessary to determine wholly irrelevant topics such as the truth of other employees' claims. For instance, Plaintiff seeks to introduce testimony from Dr. Pesis regarding his allegations that he was terminated for allegedly raising concerns regarding the treatment provided by another Penn dentist. See Pl.'s Pretrial Memorandum (Dkt. No. 41) at 6 (listing Dr. Steven Pesis as a witness and stating that he "will testify that after he complained about overtreatments of patients, which

---

[6]    Defendants anticipate that Plaintiff will argue that Dr. Pesis's lawsuit and allegations are relevant because Plaintiff claims Dr. Kauffman threatened him with termination if he complained (implicitly referring to Dr. Pesis's termination). Notably, however, Plaintiff does not have a retaliation claim. See Complaint (Dkt. No. 1). And, regardless, for the reasons set forth above and below, this fails to justify admission of the irrelevant, unsubstantiated allegations made by Dr. Pesis in a prior lawsuit.

was approved and encouraged by Dr. Kauffman, he was terminated from his employment by Penn."). If Plaintiff is permitted to rely on Dr. Pesis's allegations, a substantial portion of the trial would be focused on the merits of claims completely unrelated to the circumstances of Plaintiff's employment and which already have been resolved with no admission of wrongdoing by Penn. Quite simply, in an institution with thousands of employees, it is not surprising that some employees have made discrimination or retaliation allegations, and the existence of such unproven and unrelated allegations has no tendency to make Plaintiff's claim that Dr. Alisa Kauffman harbored discriminatory bias toward him any more or less probable.

For these reasons, Courts routinely hold that other employees' claims of discrimination or retaliation are irrelevant and, therefore, inadmissible. See, e.g., Nwegbo v. Borough, No. 12-5063, 2013 WL 3463504, at *3 (E.D. Pa. July 10, 2013) (declining to allow plaintiff to introduce evidence from other lawsuits involving defendant, holding that "[t]his court will not waste the jury's time conducting mini-trials regarding the allegations in the other cases"); Elston v. UPMC-Presbyterian Shadyside, No. 06-329, 2008 WL 682494, at *3 (W.D. Pa. Mar. 7, 2008) (granting motion in limine to preclude plaintiff from introducing testimony about other incidents of alleged discrimination because it would lead to a "mini-trial" that "would distract the jury from the focal issue in this case"); Curtis v. Oklahoma City Pub. Sch. Board, 147 F.3d 1200, 1217 (10th Cir. 1998) (affirming refusal to permit employee to testify regarding retaliatory and harassing conduct by the defendant that she claimed she experienced and was similar to that experienced by Plaintiff because there was insufficient similarity between their situations to justify the testimony, and the testimony was irrelevant, would be confusing to the jury, and would require the court to conduct a separate trial of that employee's claims); Lewis v. City of Chicago, 563 F. Supp. 2d 905, 922 (N.D. Ill. 2008) aff'd sub nom. Lewis v. City of Chicago

Police Dep't, 590 F.3d 427 (7th Cir. 2009) (holding that "[e]vidence of alleged discrimination suffered by other employees was of limited relevance" to plaintiff's individual claim for gender discrimination); see also Houser v. Folino, No. 2:10-cv-00416, 2015 WL 7291787, at *1-2 (E.D. Pa. Nov. 16, 2015) (holding evidence of other lawsuits against defendants should be excluded because they are irrelevant).

Similarly, Defendants anticipate that Plaintiff will call at least one witness (Dr. Beverley Crawford) to testify about her own subjective beliefs of discrimination.  See Pl.'s Pretrial Memorandum (Dkt. No. 41) at 7 (listing Dr. Beverley Crawford as a witness and stating that she will be called "to testify about her professional interactions with Dr. Kauffman").  Indeed, Plaintiff not only elicited deposition testimony from Dr. Crawford about whether she felt she was treated differently at Penn because of her race, but he also relied on this testimony in his Opposition to Defendants' pending Motion for Summary Judgment.  See Pl. Opp. at 17 ("Dr. Crawford, however, testified in her deposition that Dr. Kauffman did, in fact, make a racially-disparaging comment to her and it [] bothered her so much that she complained to senior managers at Penn about it and about Dr. Kauffman.").  If the Court permits testimony from witnesses regarding their subjective beliefs of discrimination or retaliation, Penn will be forced to call multiple rebuttal witnesses to testify regarding irrelevant employment decisions made with respect to these other employees and whether their discrimination or retaliation allegations are true.

*Second*, allowing Plaintiff to present such evidence would be unduly prejudicial, confuse the issues, and mislead the jury.  Thus, it is inadmissible under Rule 403.  "[E]ven the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had [discriminated against him] because of his [protected status]."

<u>Moorehouse v. Boeing Co.</u>, 501 F. Supp. 390, 393 n.4 (E.D. Pa. 1980), <u>aff'd mem.</u> 639 F. 2d 774

(3d Cir. 1980). Plaintiff seeks to use this evidence with the hope that the jury will believe that

Defendants discriminated and/or retaliated against other employees and, therefore, had a

proclivity to discriminate against Plaintiff as well. Indeed, the sole reason Plaintiff is seeking

admission of "prior acts" evidence can only be to create a false impression with the Court and

jury that Penn is a bad institution. Plaintiff's goal is simple – to obfuscate the relevant legal

issues and prevent the jurors from considering the relevant facts. That alone is prejudicial,

particularly when the record contains no evidence to support that theory. Because of the

significant chance that admission of this type of evidence would prejudice Defendants, it must be

excluded. <u>See, e.g.</u>, <u>Houser</u>, 2015 WL 7291787, at *1-2 (holding evidence of other lawsuits

against defendants should be excluded because any "probative value would be substantially

outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue

delay, and wasting time"); <u>Wyvill v. United Cos. Life Ins. Co.</u>, 212 F.3d 296, 302-304 (5th Cir.

2000) (holding that district court abused its discretion by admitting anecdotal evidence of

discrimination from former employees because it essentially caused a "mini-trial" into

allegations of other employees); <u>Haskell v. Kaman Corp.</u>, 743 F. 2d 113, 122 (2d Cir. 1984)

(finding that testimony from six witnesses about their terminations represented a statistically

insignificant sample claim and presented "unnecessary collateral issues"); <u>Ramos-Melendez v.</u>

<u>Valdejully</u>, 960 F. 2d 4, 6 (1st Cir. 1992) (affirming exclusion of testimony by other employees

with pending employment discrimination suits under Rule 403 because "for their testimony to be

significant it would be necessary in effect to try their cases, as well as the plaintiff's").

   *Third*, the Court should preclude Plaintiff from offering such evidence for the additional

reason that it is improper character evidence under Rule 404. Where, as here, the "other acts"

are unrelated to the pending claim, are remote in time, and involve dissimilar circumstances, evidence of those acts must be excluded, not only under Rules 401 to 403, but also under Rule 404, since the only relevance of such evidence would be to show the defendant's "bad character" or proclivity to engage in unlawful discrimination.  See, e.g., Nwegbo v. Borough, No. 12-5063, 2013 WL 3463504, at *2 (E.D. Pa. July 10, 2013) ("Plaintiff cannot be permitted to introduce evidence that Reed allegedly violated another defendant's First Amendment rights in an effort to prove a violation in this case.").  As Defendants explained above, the sole reason Plaintiff seeks to admit "prior acts" evidence is to suggest to the jury that Defendants have proclivity to discriminate or otherwise treat employees unfairly, which violates Rule 404.

*Fourth*, documents referring to other employees' claims of discrimination or retaliation against Defendants are inadmissible for the additional reason that they are inadmissible hearsay under Rules 801 and 802.  See QVC, Inc. v. MJC Am., Ltd., No. 08-3830, 2012 WL 33026, at *2 (E.D. Pa. Jan. 6, 2012) (holding that documents describing customer complaints were inadmissible hearsay because they were being offered to show both the existence of customer complaints and the underlying truth of those complaints).  To the extent Plaintiff seeks to introduce documents describing claims of discrimination or retaliation made by other individuals in order to prove that Defendants discriminate and retaliate against employees, this is classic hearsay (or in some cases, double hearsay) and such documents are inadmissible.

### D.   Plaintiff Should Be Precluded From Relying Upon The Speculation Of Joe Apap In T&C000013-15.

In Plaintiff's Opposition to Defendants' pending Motion for Summary Judgment, Plaintiff relied upon the unsupported and uncorroborated speculation of Joe Apap that Plaintiff's remediation "[s]eemed to be the last step before termination" to argue that Dr. Kauffman was planning to terminate Plaintiff.  See Pl.'s Opp. at 5, 19; see also T&C000013-15, attached hereto

as Exhibit A.  The Court should preclude Plaintiff from offering this portion of T&C000015 into evidence or otherwise relying upon this portion of Mr. Apap's email because it is: (1) irrelevant under Rule 401; (2) unduly prejudicial under Rule 403; and (3) inadmissible hearsay under Rules 801 and 802.

*First*, such evidence should be precluded because it is not relevant.  <u>See</u> Fed. R. Evid. 401.  It is undisputed that Mr. Apap is not a Penn employee.  Nor was he involved in or responsible for managing Plaintiff's performance or employment.  Additionally, Plaintiff does not and cannot cite to any evidence in the record that provides a foundation for Mr. Apap's note to himself.  Rather, this statement is nothing more than unsupported speculation.  Accordingly, the introduction of Mr. Apap's speculation regarding whether Defendants may have proceeded with termination is not relevant because in no conceivable way does it tend to make more probable or less probable whether Defendants intended to terminate Plaintiff or threatened Plaintiff with termination.  <u>See</u> Fed. R. Evid. 401.

*Second*, allowing such evidence would also be unduly prejudicial, confuse the issues, and mislead the jury, so it should be precluded at trial.  Under Rule 403, the Court is authorized to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. Attempting to point to some evidence in support of his claim of constructive discharge, where none exists, Plaintiff intends to twist this unsupported, speculative comment into evidence that Plaintiff was threatened with termination.  <u>See</u> Pl.'s Opp. at 5, 19.  However, the probative value of this speculative comment is significantly outweighed by the unfair prejudice that would result should it be admitted.

*Third*, under Rule 602, "a witness may not testify to a matter unless . . . the witness has personal knowledge of the matter." Fed. R. Evid. 602. Plaintiff intends to introduce Mr. Apap's speculative note to suggest that Defendants threatened Plaintiff with termination or intended to terminate him. But, nothing in the record shows Mr. Apap would have such knowledge. In fact, the record proves the contrary as Dr. Kauffman denies that she ever threatened Plaintiff with termination or considered terminating him but, rather, wanted him to attend remediation to improve his skills so that he would be successful at Penn. See Defendants' Motion for Summary Judgment (Dkt. No. 22-2) at 18.

*Fourth*, Mr. Apap's comment is inadmissible hearsay. The portion of Mr. Apap's email at issue is a written statement that he made outside of court that Plaintiff intends to introduce to prove the truth of the matter asserted (i.e., that Dr. Kauffman planned to terminate Plaintiff). This comment should be precluded.

## E. Plaintiff Should Be Precluded From Offering Testimony From Megan McHugh Regarding Her Opinion of Dr. Kauffman.

In his Response to Defendants' Statement of Material Facts in Support of Defendants' pending Motion for Summary Judgment, Plaintiff argued that a Penn employee, Megan McHugh, "testified that Dr. Kauffman was a dishonest person." Pl.'s Resp. SOF ¶ 105 (Dkt. No. 29) (citing McHugh Dep. at 25:7-15).[7] Defendants anticipate that Plaintiff will attempt to introduce Ms. McHugh's testimony during trial. However, he is precluded from doing so because: (1) it is improper character evidence under Rule 404; (2) it is improper law witness

---

[7] What Plaintiff omits from his response is, when asked to explain, Ms. McHugh clarified her testimony and explained that she cannot cite to exact examples supporting this, "but I do believe that there were times she would elaborate or maybe overemphasize things, maybe make more out of things than they were. . . . I think she would just elaborate on these stories to get some kind of truth out of you that she was looking for, which the truth was already there. So maybe it's not so much is she an honest person, maybe it's more if she wants something from you, she's manipulative." April 5, 2018 Deposition Transcript of Megan McHugh at 25:7-26:19, relevant excerpts of which are attached hereto as Exhibit B.

testimony under Rule 701; and (3) it is not relevant and, even if it was, it is significantly more prejudicial than probative under Rule 403.

*First*, Ms. McHugh's testimony is improper character evidence under Rule 404.  Federal Rule of Evidence 404 prohibits evidence of a person's character or character trait for the purpose of proving conformity therewith on a particular occasion.  See Fed. R. Evid. 404(a).  Here, Plaintiff seeks to introduce Ms. McHugh's testimony to suggest that because Ms. McHugh believes Dr. Kauffman has elaborated or overemphasized things a few times in the past, she was dishonest or manipulative with respect to Plaintiff.  That is clearly inadmissible character evidence.

*Second*, Mc. McHugh's opinion regarding whether Dr. Kauffman is honest or manipulative is not proper opinion testimony from a lay witness under Rule 701.  Under Rule 701, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  Here, whether Ms. McHugh believes that Dr. Kauffman has elaborated or overemphasized things on a few occasions in the past will not help to clarify her testimony regarding policies and procedures around scheduling patients at the Penn Dental Family Practice or her interactions with Plaintiff.  Accordingly, Ms. McHugh's opinion regarding Dr. Kauffman should be precluded.

*Third*, Ms. McHugh's testimony is not relevant and, even if it was, it is significantly more prejudicial than it is probative.  As Defendants explained above, Ms. McHugh's belief that Dr. Kauffman has elaborated or overemphasized things on a few occasions will not help clarify her

testimony or determine whether Plaintiff was discriminated against on the basis of his race. Accordingly, it has no probative value.   And, even if it had minimal probative value, the associated prejudice with the accompanying suggestions and false impressions are certainly prejudicial to Defendants as they paint Dr. Kauffman in a poor light.

III.     **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant their motion in limine and exclude the categories of evidence described above.

Dated:  October 19, 2018                               Respectfully Submitted,

By:   */s/ Jeffrey A. Sturgeon*
MORGAN, LEWIS & BOCKIUS LLP
Jeffrey A. Sturgeon (Pa. ID No. 93750)
Ali M. Kliment (Pa. ID No. 318988)
1701 Market Street
Philadelphia, PA 19103
Telephone:  215-963-5650/4614
Facsimile:  215-963-5001
jeffrey.sturgeon@morganlewis.com
ali.kliment@morganlewis.com

Attorneys for Defendants
Trustees of the University of Pennsylvania and
Dr. Alisa Kauffman